IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :
        v.                        :          CRIMINAL NO. 22-248-1
                                  :
HUSSEIN NAKCHBANDI                 :

MEMORANDUM

KENNEY, J.                                                      JUNE 10, 2026

Defendant Hussein Nakchbandi moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his familial circumstances and rehabilitation constitute "extraordinary and compelling reasons" for a sentence reduction. *See* ECF No. 55 at 2–6, 11. The Government opposes any reduction of Defendant's sentence. *See* ECF No. 57. For the reasons set forth below, the Court will **DENY** Defendant's Motion for Compassionate Release (ECF No. 55).

## I.    BACKGROUND

In December 2021, agents received information from an informant that Defendant was selling cocaine from his residence in Philadelphia. *See* ECF No. 1 ¶ 6. On December 20, 2021, and February 28, 2022, Defendant sold cocaine to the informant for $500. *Id.* ¶¶ 9, 12; *see also* ECF No. 57 at 1; PSR ¶¶ 19–20. After receiving a search warrant for Defendant's residence, on March 3, 2022, authorities recovered about two kilograms of cocaine, 432.95 grams of ketamine, 950 grams of marijuana, four loaded firearms, about $44,000 in cash, and packaging materials from his home. *See* ECF No. 57 at 1; *see also* ECF No. 1 ¶ 13. Defendant was subsequently charged with two counts of knowingly and intentionally distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of possession with intent to distribute 500 grams or more of cocaine, and ketamine, and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B),

(b)(1)(D), (b)(1)(E); and one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  *See* ECF No. 20 at 1–4.

On September 1, 2022, Defendant appeared before this Court and pled guilty to Counts One through Four of the Information.  *See* ECF Nos. 23, 25.  On September 21, 2023, the Court sentenced Defendant to sixty-two months' imprisonment, to be followed by a four-year term of supervised release, a $400 special assessment, and a $15,000.00 fine.  *See* ECF No. 45 at 1–3, 6. Defendant was ordered to self-surrender by March 1, 2024 to begin his term of imprisonment.  *See* ECF No. 48.

To date, Defendant has served about twenty-nine months of his term of imprisonment at FCI Petersburg Low.  *See* ECF No. 57 at 2.  He has also earned about two months of credit for good conduct, rendering his total time served to about thirty-one months' imprisonment.  *Id.* During his term of imprisonment, Defendant has received two disciplinary infractions in 2025 related to the possession of unauthorized items, which "result[ed] in time in disciplinary segregation and other penalties."  *Id.*

On May 5, 2026, Defendant filed a Motion for Compassionate Release (the "Motion"), citing his familial hardship, rehabilitation, his purported low risk of recidivism, and a clinical recommendation as "extraordinary and compelling reasons" that warrant early release from prison. *See* ECF No. 55 at 2–6, 11.  Defendant bases much of his Motion on the negative psychological consequences of his incarceration on his two daughters, who are eight and thirteen years old.  *Id.* at 4.  Defendant states that his daughters are experiencing confusion and anxiety from his imprisonment, and he highlights the long-term adverse effects of paternal absence on young children.  *See id.* at 4–5.  In addition, he explains that his eighty-three-year-old mother has a history of medical complications that require constant support.  *See id.* at 5–6; *see also* ECF 55-2 at 2–11.

Defendant also attached letters from friends, family, and a psychoanalyst that speak to his character and growth as a result of his efforts towards rehabilitation. *See* ECF No. 55 at 3–4, 6; *see also* ECF No. 55-1 at 2–26.

In its Opposition to Defendant's Motion, the Government argues that Defendant has not proffered any extraordinary and compelling reasons warranting compassionate release. *See* ECF No. 57 at 1. For instance, the Government asserts that the hardship Defendant's immediate family is experiencing is a "sadly ordinary" consequence of his imprisonment. *Id.* at 8. In addition, the Government contends that Defendant has not shown his elderly mother to be incapacitated or completely devoid of assistance, given that two of Defendant's siblings live in Philadelphia, where his mother also resides, and that Defendant's sister joined her for her medical appointments in 2026. *Id.* at 8–9; *see also* PSR ¶ 51. Moreover, the Government argues that, even if Defendant had provided "extraordinary and compelling reasons" for compassionate release, the sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of a reduction of Defendant's sentence. ECF No. 57 at 10. According to the Government, it would not serve the "interests of justice" to grant Defendant's requested relief based on the seriousness of Defendant's crimes, the Court's imposition of a "reasonable sentence" that was "well below the guideline range[,]" and the fact that he "has served only half of [his] sentence." *Id.* at 7, 10.

Defendant's Motion is fully briefed and before the Court.

## II.    **LEGAL STANDARD**

Granting compassionate release is a "purely discretionary decision" guided by 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(t). *United States v. Stewart*, 86 F.4th 532, 534 (3d Cir. 2023). By allowing for the reduction of an imposed term of imprisonment, Section 3582(c)(1)(A) provides a narrow "exception to the default rule that a federal defendant will serve his entire

sentence." *United States v. Bryant*, 144 F.4th 1119, 1127 (9th Cir. 2025).   Under Section 3582(c)(1)(A), a district court generally "may not modify a term of imprisonment once it has been imposed" unless it finds that (1) "extraordinary and compelling reasons warrant" a reduction; (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the traditional sentencing factors set forth in 18 U.S.C. § 3553(a) support relief.   18 U.S.C. § 3582(c)(1)(A).   A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or have experienced a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

While Congress has not specified what "extraordinary and compelling reasons" warrant compassionate release, it "authorize[d] the [Sentencing] Commission to promulgate policy statements that 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *Rutherford v. United States*, 608 U.S. ----, 146 S. Ct. 1320, 1327 (2026) (quoting 28 U.S.C. § 994(t)).   Pursuant to this authorization, the Sentencing Commission issued a policy statement in 2023 that identified specific "extraordinary and compelling reasons" permitting compassionate release: (1) a defendant's medical circumstances; (2) a defendant's age; (3) a defendant's family circumstances; (4) being a "victim of abuse"; (5) "other reasons"; and (6) an "unusually long sentence." *See* U.S.S.G. § 1B1.13(b).[1]   For example, a defendant's family circumstances may warrant compassionate release in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child[,]" "[t]he incapacitation of the defendant's spouse[,]" or "[t]he

---

[1] Recently, the United States Supreme Court held that the Commission's unusually long sentences category "exceed[ed] the Commission's authority." *Fernandez v. United States*, 608 U.S. ----, 146 S. Ct. 1292, 1304 n.5 (2026) (citing *Rutherford*, 146 S. Ct. at 1334–35).

incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(A)–(C). In addition, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" that warrants compassionate release, but "may be considered in combination with other" factors. U.S.S.G. § 1B1.13(d); *see also United States v. Rodriguez*, 451 F. Supp. 3d 392, 405–06 (E.D. Pa. 2020) (finding that a combination of defendant's rehabilitative efforts, health issues, nearness of release date, and the fact that he had "served the vast majority of his sentence" warranted compassionate release). "While the terms 'extraordinary' and 'compelling' leave room for judgment, they are not so flexible as to encompass any consideration" whatsoever. *Rutherford*, 146 S. Ct. at 1332.

Even if a defendant presents "extraordinary and compelling reasons" for compassionate release, the court must also weigh the traditional sentencing factors under 18 U.S.C. § 3553(a) to determine if early release is warranted. *See* 18 U.S.C. § 3582(c)(1)(A). Those factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . [and]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

18 U.S.C. § 3553(a)(1)–(2), (6).  The burden rests on the defendant to demonstrate entitlement to compassionate release.  *See United States v. Rashid*, No. 20-2840, 2023 WL 1813598, at \*2 (3d Cir. Feb. 8, 2023) (citing *United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (per curiam)).

## III.   <u>DISCUSSION</u>

Defendant moved for compassionate release based on his familial circumstances and his rehabilitative efforts while in prison.  *See* ECF No. 55 at 2–6.  The Court will deny Defendant's Motion on the basis that he failed to satisfy his burden of establishing "extraordinary and compelling reasons" for compassionate release.  In any event, the sentencing factors set forth in Section 3553(a) do not weigh in favor of releasing Defendant halfway through his sentence.

### A.  Defendant Has Not Demonstrated Extraordinary and Compelling Reasons for Compassionate Release

First, Defendant argues that his daughters are suffering as a result of his imprisonment and explains that "[r]eunification would allow [him] to resume meaningful caregiving involvement[.]" ECF No. 55 at 4, 6.  He highlights the harmful psychological impact of long-term paternal absence on his daughters' development as an extraordinary and compelling reason justifying his early release.  *See id.* at 4–5.  In its Opposition, the Government explains that familial hardship unfortunately is an expected consequence of a parent's incarceration.  *See* ECF No. 57 at 8. Moreover, the Government contends that the hardship Defendant's family is experiencing does not meet the criteria set forth in the Sentencing Commission's guidelines for a sentence reduction, which limit relief to "truly extraordinary circumstances[.]" *Id.*

Under U.S.S.G. § 1B1.13(b)(3), a defendant's family circumstances may warrant compassionate release if the caregiver of the defendant's minor child passes away or becomes incapacitated.  *See* U.S.S.G. § 1B1.13(b)(3)(A).  Here, Defendant has not asserted or presented any evidence that his daughters' mother is incapacitated and can no longer care for their children.

The emotional suffering that his children and their mother are experiencing in his absence, though unfortunate, does not qualify as an extraordinary and compelling reason for compassionate release under the relevant guideline. *See, e.g.*, *United States v. Martin*, No. 16-cr-403-2, 2025 WL 3033898, at *3 (E.D. Pa. Oct. 30, 2025) (denying compassionate release where a defendant failed to demonstrate that her mother, who was the primary caregiver for defendant's minor daughter, was incapacitated and no longer capable of caring for herself and defendant's daughter); *United States v. Walker*, No. 20-cr-216, 2024 WL 3678972, at *7 (E.D. Pa. Aug. 5, 2024) (denying compassionate release in part because defendant did not prove his child's caregiver was incapacitated); *United States v. Major*, Nos. 09-cr-434 & 09-cr-435-1, 2023 WL 8188445, at *5 (E.D. Pa. Nov. 27, 2023) (explaining that "the inherent benefits a child gains from having a parent at home . . . do[] not [alone] justify release").

Second, Defendant's argument that his mother's ill health constitutes an extraordinary and compelling reason for compassionate release fails for similar reasons. *See* ECF No. 55 at 5–6. Under U.S.S.G. § 1B1.13(b)(3)(C), a defendant may receive a sentence reduction if the defendant is the "only available caregiver" for an incapacitated parent. U.S.S.G. § 1B1.13(b)(3)(C). Here, Defendant argues that his mother is elderly and "demonstrates age-related functional limitations that reduce her ability to live independently and require consistent emotional and practical support." ECF No. 55 at 5–6. But Defendant failed to establish that his mother's medical condition has left her incapacitated—that is, "completely disabled or unable to carry on any self-care[.]" *United States v. Rooks*, Nos. 21-cr-038 & 21-cr-043, 2022 WL 267899, at *6 (E.D. Pa. Jan. 28, 2022), *aff'd*, No. 22-1332, 2022 WL 2964805 (3d Cir. July 27, 2022) (per curiam) (internal quotations and citation omitted); *see also United States v. Cruz-Rivera*, No. 11-cr-43, 2020 WL 5993352, at *7 (E.D. Pa. Oct. 9, 2020) (finding that a defendant failed to demonstrate that his

wife's diabetes and breast cancer diagnoses rendered her incapacitated).  Moreover, Defendant is not "the only available caregiver" for his mother.  U.S.S.G. § 1B1.13(b)(3)(C).  The Government points out that Defendant has two siblings who also live in Philadelphia, *see* ECF No. 57 at 9 (citing PSR ¶ 51), and medical records indicate that one of them joined his mother for her medical appointments in 2026.  *See id.*; *see also* ECF No. 55-2 at 6–7.  Accordingly, Defendant has not met his burden of proving that his mother's medical issues provide an extraordinary and compelling reason for compassionate release consistent with the relevant guideline.  *See* U.S.S.G. § 1B1.13(b)(3)(C); *see also United States v. O'Brien*, No. 25-1729, 2025 WL 3013125, at *3 (3d Cir. Oct. 28, 2025) (per curiam) (affirming denial of defendant's request for compassionate release because defendant did not show that his elderly, ill mother had no other available caretakers).

Third, Defendant argues that he has engaged in multiple rehabilitative efforts while imprisoned.  *See* ECF No. 55 at 2–3.  Defendant contends that he presents a low risk of recidivism and has "shown himself to be a man of kindness, loyalty, and genuine decency[,]" as demonstrated by character letters attached to his Motion.  *Id.* at 4.  Defendant blames his criminal activity in part on "the unique pressures of the COVID-19 shutdown[,]" during which time he lost his jewelry business.  *Id.* at 3.  In addition, Defendant attached a letter from Dr. Anthony Tereo, a licensed psychoanalyst, who recommends "a structured re-entry plan" that would consist of "bi-weekly contact" for two years to appropriately monitor Defendant's behavior upon release.  *Id.* at 6; *see also* ECF No. 55-1 at 10–12.

The Court reviewed the letters from friends and family, and clinical recommendation for reintegration into society that purportedly speak to Defendant's rehabilitation and low risk of recidivism.  While the Court commends Defendant on his progress to date, it is well-settled that rehabilitation alone does not constitute an extraordinary and compelling reason for compassionate

release. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); *see also United States v. Bledsoe*, No. 22-2022, 2022 WL 3536493, at *2 (3d Cir. Aug. 18, 2022) (per curiam) (finding that rehabilitation "standing alone" did not qualify as either "'extraordinary' [or] 'compelling' for purposes of the compassionate-release standard" because rehabilitation was "expected" (citations omitted)); *United States v. Godinez*, No. 22-2195, 2023 WL 4363019, at *1 (7th Cir. July 6, 2023) (affirming denial of compassionate release in part because a defendant's efforts towards rehabilitation, such as attending classes and maintaining a positive disciplinary record, did not qualify as extraordinary and were "expected" (citation omitted)); *United States v. Martines*, No. 94-cr-127-3, 2022 WL 837243, at *11 (E.D. Pa. Mar. 21, 2022) (denying compassionate release to a defendant who presented letters of support and a progress report in part because "[b]ehaving and rehabilitating while incarcerated is expected"). Even if Defendant's efforts towards rehabilitation are considered in combination with his other proffered bases for relief, as explained above, his family circumstances do not satisfy the relevant guidelines, and he has not presented other considerations that weigh in favor of granting compassionate release. *See United States v. Gonzalez Jose*, No. 14-cr-652-10, 2025 WL 3530153, at *9 (E.D. Pa. Dec. 9, 2025) (denying compassionate release because defendant's "arguments considered individually or collectively" did not qualify as extraordinary and compelling).

Accordingly, Defendant has not met the "demanding standard" of presenting "extraordinary and compelling reasons" for compassionate release. *Fernandez*, 146 S. Ct. at 1302.

**B.  Defendant's Motion Also Fails Under the Section 3553(a) Sentencing Factors**

Even if the reasons proffered by Defendant qualified as "extraordinary and compelling reasons" for compassionate release (they do not), the traditional sentencing factors under 18 U.S.C.

§ 3553(a) do not support a sentence reduction.[2]  In the Third Circuit, even where a defendant has presented "extraordinary and compelling reasons," courts have nonetheless denied motions for compassionate release if, for example, the defendant presents a danger to the community, or where a sentence reduction would discourage respect for the law.  *See, e.g.*, *United States v. Bullock*, 833 F. App'x 934, 935 (3d Cir. 2021) (per curiam) (affirming denial of compassionate release, despite defendant's numerous health issues, because the defendant had "substantial time remaining to be served on [his] sentence[,]" had a violent criminal history, and had "institutional infractions"); *United States v. Norwood*, 841 F. App'x 495, 498 (3d Cir. 2021) (per curiam) (affirming denial of compassionate release in part because of the seriousness of defendant's crimes of armed robbery and carjacking); *United States v. Gilbert*, No. 18-cr-00095, 2021 WL 492536, at *1–2 (E.D. Pa. Feb. 10, 2021) (holding that a defendant presented extraordinary and compelling reasons, but denying compassionate release because defendant, "a career offender[,]" "remain[ed] a danger to the community" and "[r]eleasing him after serving less than half of his sentence would fail to reflect the seriousness of his offense, promote respect for the law[,] or provide just punishment").

Here, Defendant has served about half of his sixty-two-month term of imprisonment.  *See* ECF No. 57 at 2.  When a court imposes a term of imprisonment, it is generally anticipated that the defendant will serve the entire sentence.  *See Bryant*, 144 F.4th at 1127.  Defendant pled guilty to serious drug-related offenses, including distribution of cocaine, as well as possession with intent to distribute 500 grams or more of cocaine, and ketamine, and marijuana.  *See* ECF No. 25 at 1. Moreover, authorities seized four loaded firearms from his residence, which were in close proximity to bulk quantities of drugs and a large amount of cash, *see* ECF No. 24 at 9–10; ECF

---

[2] The Court notes that Defendant failed to properly address the application of the Section 3553(a) factors in his Motion.

10

No. 57 at 1, and he pled guilty to possession of firearms in furtherance of a drug trafficking crime. *See* ECF No. 25 at 1.  While Defendant argues that he has engaged in many rehabilitative efforts, *see* ECF No. 55 at 2–3, the record also reflects that last year, he committed two serious disciplinary offenses related to the possession of unauthorized items, which led to "time in disciplinary segregation and other penalties."  *See* ECF No. 57 at 2.

Given this history and the gravity of his offenses, Defendant failed to demonstrate how releasing him just over two-and-a-half years into an approximately five-year sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and adequately deters criminal conduct.  *See* 18 U.S.C. § 3553(a)(1)–(2); *see also United States v. Thomas*, No. 24-2789, 2024 WL 5074893, at *2 (3d Cir. Dec. 11, 2024) (per curiam) (affirming denial of compassionate release where the district court "reasonably" found that "the seriousness of [defendant's] crimes and the need to provide punishment for [defendant's] conduct outweighed [his] good behavior while incarcerated"); *United States v. Redman*, No. 23-1121, 2023 WL 3721206, at *2 (3d Cir. May 30, 2023) (per curiam) (affirming denial of compassionate release where the Section 3553 factors weighed against the defendant due to his disciplinary record in prison and criminal history); *United States v. Blackwell*, 857 F. App'x 65, 67 (3d Cir. 2021) (per curiam) (affirming denial of compassionate release in part because defendant "had only served approximately half of her sentence" for a drug-related conviction).  For these reasons, Defendant's Motion also fails upon reexamination of the Section 3553(a) sentencing factors.

## IV.    CONCLUSION

Defendant has not presented "extraordinary and compelling reasons" for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Moreover, the sentencing factors under 18 U.S.C.

§ 3553(a) do not weigh in favor of his early release.  Accordingly, the Court will deny Defendant's

Motion (ECF No. 55).  An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**